# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN BERRIOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. J. BONDOC, et al.,<br><br>　　　　　Defendants. | CASE NO.　1:11-cv-1435-LJO-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFFS'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Marvin Berrios ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff initiated this action on August 26, 2011. (Compl., ECF No. 1.) No other parties have appeared in this action. Plaintiff's Complaint is now before the Court for screening.

　　　　For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim. Plaintiff will be given leave to amend.

**I.　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

-1-

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at Kern Valley State Prison. He previously was housed at California State Prison, Corcoran ("CSP") where most of the events at issue in his Complaint occurred. Plaintiff sues the following individuals for unlawful retaliation under the First Amendment and inadequate medical care under the Eighth Amendment: 1) Dr. J. Bondoc, Plaintiff's primary care physician at CSP, 2) Dr. Edgar Clark, acting Chief Medical Officer at CSP, 3) Dr. Teresa Macias, Chief Medical Officer, and 4) John Doe.

Plaintiff asks for a declaratory judgement, for a temporary restraining order and preliminary injunction, that he be appointed counsel, for monetary damages, and for litigation costs.

Plaintiff alleges as follows:

1        Plaintiff is paralyzed from the waist down as a result of a gun shot wound he received in 1994. (Compl. at 4.) Due to the injury, he suffers from a neurological pain disorder. (Id.) Plaintiff was supposed to have a morphine pain pump implanted during surgery in 2007, but was told after the surgery that a "nerve stimulator/nerve regenerator" had been implanted. (Id. at 5.)

        After surgery, Plaintiff started to experience pain. (Compl. at 5.) He filed approximately forty-two health care service request forms attributing the pain to the nerve stimulator, complaining that the nerve stimulator was malfunctioning, and asking that the nerve stimulator be removed. (Compl. at 5.) Defendant Bondoc was his primary care physician during this time period. (Id.) Several times Plaintiff's pain was so severe that he was thrown out of his wheelchair and ended up crying on the floor. (Id. at 6.) Defendant Bondoc saw some of these incidents. (Id.) During every visit Defendant Bondoc said there was nothing wrong with Plaintiff. (Id.)

        Plaintiff began complaining about the implant pain on January 13, 2008, but was not x-rayed until 90 days later. (Compl. at 7.) The technician who took the x-rays mis-diagnosed the cause of Plaintiff's pain as constipation. (Id.) Plaintiff did not make regular bowel movements, but according to Plaintiff the pain was due to the implant. (Id.) The technician negligently failed to check for an implanted device as directed. (Id.)

        Plaintiff was given another x-ray on June 18, 2008, but, according to Dr. Pineda, the results were unclear. (Compl. at 7.) Dr. Pineda reviewed the records, and found that there might be something near the inguinal area. (Id.) An August 28, 2008, the wrong area of his body was x-rayed. (Id. at 8.)

        Plaintiff filed a "citizens complaint" and twelve appeals against Defendant Bondoc. (Comp. at 8.) All were denied. (Id.) The appeals coordinator at CSP abused his authority by preventing Plaintiff from proceeding on his appeals. (Id. at 8-9.)

        On approximately February 20, 2009, Plaintiff was transferred to High Desert State Prison. (Compl. at 9.) Plaintiff filed a grievance there and told his nerve stimulator would be removed. (Id.) Plaintiff was transferred back to CSP on July 14, 2009, before he could

1 receive the surgery.  (Id.)

2     Plaintiff continued to suffer at CSP; he lost weight, started taking psychotropic
3 medicine for his depression, and felt suicidal.  (Compl. at 10.)

4     On September 24, 2009, Defendant Bondoc retaliated against Plaintiff for filing
5 appeals and complaints against him by telling him to stop crying and advising Plaintiff he
6 would not get "another thing " from Dr. Bondoc. (Compl. at 10.)

7     On January 7, 2010, Plaintiff had severe muscle spasms in both legs, he fell out of
8 his wheelchair and heard a loud popping noise.  (Compl. at 11.)  Plaintiff was seen by a
9 nurse who sent him back to his cell without an x-ray of what he thought might have been
10 a broken leg.  (Id.)  Plaintiff's right thigh began to swell.  (Id.)  On July 8, 2010, another
11 nurse noted the swelling and made a referral for an x-ray.  (Id.)  On July 23, 2010,
12 Defendant Bondoc made another referral for an x-ray.  (Id.)  On July 24, 2010, Plaintiff filed
13 another appeal against Defendant Bondoc for not providing proper treatment.  (Id.)  Plaintiff
14 does not "recall ever getting a x-ray for at least a couple of months."  (Id.)  Plaintiff was in
15 pain for a long time.  (Compl. at 12.) On October 9, 2010, Defendant Bondoc failed to
16 investigate the broken leg and instead merely ordered an ace bandage for Plaintiff's thigh
17 and made a note for a follow-up visit for a fractured thigh.  (Id.)

18     Plaintiff received an x-ray on October 14, 2010, but his thigh was not x-rayed.
19 (Compl. at 12.)  Plaintiff received an x-ray on the correct area on October 16, 2010.  (Id.)
20 Plaintiff believes that the doctors did not treat his leg for 90 days in the hope it would heal
21 itself and in retaliation for Plaintiff's many complaints.  (Id.)  Plaintiff's most recent radiology
22 report notes that there is something growing on the bone, near the injury, and that it
23 "occurred after trauma."  (Id.)  Plaintiff believes that this is not a tumor, and might actually
24 be a bone fragment.  (Id.)

25 **III.    ANALYSIS**

26     Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
27 or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia
28 Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).   Section 1983 is not

itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### B. Linkage Requirement

As an initial issue, Plaintiff has not stated any claim against Defendants Macias, Clark, or Doe because he has not linked them to any direct violation of his rights. It appears he names them only because of their supervisory position over other defendants.

Under section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that Defendants Macias, Clark, or Doe personally acted to violate his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies. In his amended complaint, Plaintiff needs to specifically link each of these Defendants to a violation of his rights.

### C. Eighth Amendment - Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff's has alleged two separate medical conditions: 1) pain that resulted from the nerve stimulator implant and 2) an insufficiently treated thigh injury. Both suggest serious medical conditions, namely severe pain from 2007 on and, later, a broken thigh bone. Failure to treat such conditions could result in further and significant injury.

Although Plaintiff has pled a serious medical condition, he has failed to allege sufficient facts to enable the Court to conclude Defendant Bondoc was deliberately indifferent to Plaintiff's medical needs. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges two separate incidents in which he claims Defendant Bondoc acted with deliberate indifference to his medical needs. He alleges that x-rays ordered by Dr. Bondoc because of pain from the nerve stimulator and then from the fractured thigh bone.

were either negligently taken or negligently read.  Plaintiff is dissatisfied with the treatment provided and the conclusions drawn.

"[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'"  Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, Plaintiff has no right to a guarantee of success resulting from his medical treatment.  See, e.g., Stephenson v. Kaiser Found. Hospitals, 203 Cal.App.2d 631, 636, 21 Cal.Rptr. 646 (1962) ("[A] doctor is not a warrantor of cures or required to guarantee results.") To show deliberate indifference, he must describe some purposeful act or failure to respond to a medical need. Thus, the failure of Defendant Bondoc to provide the desired relief in the manner Plaintiff wished does not create a deliberate indifference claim.  For the same reasons, even professional negligence  by the medical practitioner, i.e., medical malpractice, does not give rise to an Eighth Amendment claim.

Accordingly, Plaintiff has failed to state a claim for inadequate medical care under the Eighth Amendment for either incident.  Plaintiff will be given leave to amend this claim.

**C.** **Retaliation**

Plaintiff alleges that Defendant Bondoc retaliated against him for pursuing his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has not described any action taken against him that could be considered "adverse".  Although Defendant Bondoc allegedly made a statement to Plaintiff suggesting dissatisfaction with Plaintiff's  grievances, it appears that Defendant Bondoc continued to

treat Plaintiff throughout his time at CSP. Plaintiff has failed to satisfy this prerequisite and show an adverse action was taken against him.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Circumstances suggest that Defendant took actions in response to Plaintiff's pursuit of protected conduct. Such circumstances could conceivably be sufficient to satisfy this second prerequisite of a retaliation claim **if** they were shown to be adverse.

Filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has alleged that he was engaged in conduct that was protected under the First Amendment. He filed several grievances regarding his medical care at CSP. This constitutes protected conduct under the First Amendment for retaliation purposes. Plaintiff's facts satisfy this third prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Although

Plaintiff alleges the conclusion that he was "chilled", the alleged retaliatory action was so innocuous it could not be said to chill a person of ordinary firmness from exercising First Amendment activities. It does not satisfy the fourth prerequisite.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. It is doubtful that Defendant Bondoc's threat to deny medical care had any legitimate penological motivation, but as noted above, there is no basis upon which to find that such threat was in fact carried out.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. Plaintiff will be given leave to amend this claim if he believes he can do so and assert a non-frivolous claim for retaliation based upon something more than what is described in his Complaint. If he chooses to do so, he must show how all five prerequisites to a retaliation claim can be met based upon such negligible activity by prison officials.

## IV.    CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed August 26, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 11, 2012                     /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE